IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE COLEGROVE, | : |
|     Plaintiff, | : |
| | : |
|     v. | :    Case No. 2:20-cv-4192-JDW |
| | : |
| JOHN WETZEL, *et al.*, | : |
|     Defendants. | : |

**MEMORANDUM**

Steve Colegrove, a prisoner currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 based on allegations related to the destruction of his property during the transfer of prisoners from SCI Graterford to SCI Phoenix. Because Mr. Colegrove is a prisoner, the Court has screened the case pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court will dismiss the Complaint, in part with prejudice and in part without prejudice, for failure to state a claim.

**I.    FACTUAL ALLEGATIONS**

In July 2018, Mr. Colegrove was incarcerated at SCI Graterford. That prison closed, and the Pennsylvania Department of Corrections transferred approximately 300 inmates, including Mr. Colegrove, to SCI Phoenix. Members of a Corrections Emergency Response Team ("CERT") took custody of prisoners' property in connection with the move. Many of the CERT Officers wore white supremacist tattoos. The CERT Officers destroyed more than 5,000 pages of legal documents that Mr. Colegrove was using to prove his innocence. They also destroyed family photos, clothing, and food, and they defaced other items that belonged to Mr. Colegrove with swastikas, drawings of penises, and racial epithets.

Mr. Colegrove filed a complaint in July 2020, asserting claims against the CERT Officers and their supervisors, including the Secretary of Corrections John Wetzel, the SCI Phoenix Superintendent Tammy Ferguson, and the SCI Phoenix Chief of Security Kenneth Goodman, in their individual and official capacities. He asserts claims for violation of constitutional rights under the Fourth, Eighth, and Fourteenth Amendments and 42 U.S.C. §§ 1981, 1983, 1986, 1988, and "USC 249," which the Court takes to mean 18 U.S.C. § 249. He seeks compensatory and punitive damages, but no other relief. The Court ordered Mr. Colegrove to pay a filing fee, and he did.

## II.  STANDARD OF REVIEW

Although Mr. Colegrove paid the filing fee, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (district courts have authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Colegrove is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   ANALYSIS

### A.   Official Capacity Claims

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency. The Eleventh Amendment also bars those claims. *See A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity for lawsuits filed in federal court. *See* 42 Pa. Cons. Stat. § 8521-22. As a result, it, its departments, and its officials in their official capacities are immune from suit. The Court will dismiss the official capacity claims with prejudice.

### B.   Individual Capacity Claims

#### 1.   Constitutional claims

Mr. Colegrove's Constitutional claims arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### a.     4th Amendment

Mr. Colegrove's reference to the Fourth Amendment appears to be an attempt to state an unlawful seizure claim based on the loss of his legal material and personal property. However, "prisoners have no legitimate expectation of privacy . . . and the Fourth Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see also Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001); *Parrish v. Corrections Emergency Response Team*, Civ. A. No. 18-4871, 2019 WL 1596337, at *3 (E.D. Pa. Apr. 12, 2019) (prisoner plaintiff failed to state claim for violation of Fourth Amendment where plaintiff alleged that CERT members destroyed and defaced personal property during process of transferring plaintiff from SCI Graterford to SCI Phoenix). Because there is no legally viable basis for a Fourth Amendment claim, the Court will dismiss Mr. Colegrove's Fourth Amendment claim.

#### b.     8th Amendment

Mr. Colegrove has alleged reprehensible conduct on the part of the CERT Officers. But even if he could prove that conduct happened, it would not violate the Eighth Amendment. Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* While the defacement and destruction of property might be "repugnant and detrimental to the orderly administration of a prison, and should be cause for serious disciplinary action against the responsible party," it does

not "rise to the level of an Eighth Amendment violation." *Wongus v. Correctional Emergency Response Team*, 389 F. Supp. 3d 294, 301-02 (E.D. Pa. 2019); *see also Payne v. Duncan*, Civ. A. No. 15-1010, 2017 WL 542032, at *9 (M.D. Pa. Feb. 9, 2017) ("Plaintiff's claim for destruction of property under the Eighth Amendment does not constitute a deprivation of life's necessities."), *aff'd*, 692 F. App'x 680 (3d Cir. 2017). The Court will dismiss the Eighth Amendment claims with prejudice.

### c.     14th Amendment

It is unclear whether Mr. Colegrove intends his reference to the Fourteenth Amendment to assert a due process claim or an equal protection claim. Neither is viable. "'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The Third Circuit has held that the Pennsylvania Tort Claims Act provides an adequate remedy for willful deprivation of property. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*); *McNeil v. Grim*, 736 F. App'x 33, 35 (3d Cir. 2018) (*per curiam*) ("[E]ven if McNeil claimed that the prison grievance procedures were constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy."). Thus, Mr. Colegrove has not stated a basis for a due process claim because state law provides him a remedy for his destroyed property. The Court will dismiss his due process claim with prejudice.

As for equal protection, nothing in Mr. Colegrove's Complaint suggests that he was treated differently due to his membership in a protected class. He references some of the CERT Officers' white supremacy tattoos, but he does not allege those officers treated white prisoners (or any other

class of prisoners) differently from him. *See Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates." (citing *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir. 2003)). To the contrary, the Complaint suggests that many inmates were subjected to the same or similar conditions of which Colegrove complains. Nonetheless, it is possible that Mr. Colegrove could allege facts to support an equal protection claim. The Court will dismiss his equal protection claim without prejudice and give him a chance to file an amended complaint.

   **2.**  **Statutory claims**

     **a.**  **Section 249**

Section 249 is a criminal statute that targets hate crimes. It does not provide an express private right of action. For a statute to create an implied private right of action, its text must be phrased in terms of the persons benefitted and must manifest an intent to create a private remedy, including a private cause of action. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (citing *Alexander v. Sandoval*, 532 U.S. 276, 286 (2001)). Statutes that focus on the person that the statute regulates, rather than the individuals that the statute protects, do not evidence an intent to create a private right of action. *See Alexander*, 532 U.S. at 289; *see also In re Dreyfus Mut. Funds Fee Litig.*, 428 F. Supp.2d 234, 348 (W.D. Pa. 2005). Section 249 speaks only in terms of those regulated, not in terms of those protected. It does not offer a private right of action. The Court will dismiss Mr. Colegrove's claims under Section 249 with prejudice.

### b. Section 1981

Section 1981 protects the right to make contracts without discrimination on the basis of race. Mr. Colegrove does not allege any claim about a contract. Nor could he, given the factual circumstances. The Court will dismiss the Section 1981 claims with prejudice.

### c. Section 1982

The elements of a claim under Section 1982 are (1) defendant's racial animus, (2) intentional discrimination, and (3) deprivation of a plaintiff's property based on race. *See Pinckney v. Pep Boys-Manny Moe & Jack*, 340 F. Supp.3d 454, 461 (E.D. Pa. 2018). Mr. Colegrove has alleged that the CERT Officers had racial animus, but he has not alleged that they discriminated against him because he has not alleged that he was treated differently than anyone else, such as white prisoners. The Court will dismiss this claim without prejudice, and it will give Mr. Colegrove an opportunity to amend his Complaint if he has a factual basis to make the necessary allegations.

### d. Section 1986

Section 1986 requires anyone who knows of a violation of 42 U.S.C. § 1985 and has the power to stop that violation to do so. Section 1985, in turn, prohibits three types of conduct: (1) the use of force or threat of force to prevent someone from accepting, holding, or dispatching the duties of an officer of the United States; (2) using force or threat of force to intimidate a witness or party from attending or testifying in a proceeding in a federal court; and (3) conspiring to deprive any person of equal protection of the laws. *See* 28 U.S.C. § 1985. Only the third prong could apply here, but Mr. Colegrove has not alleged that he was treated differently than others in a different protected class. He therefore has not alleged a violation of Section 1985 or of Section 1986. However, he might be able to do so, for the reasons discussed above concerning equal protection.

7

The Court will dismiss this claim without prejudice and give Mr. Colegrove an opportunity to submit an amended complaint.

### e. Section 1988

Section 1988 provides for jurisdiction over certain cases and for an award of attorneys' fees for prevailing parties in civil rights cases. It does not create an independent cause of action.

### 3. Supervisory liability claims

Mr. Colegrove's individual capacity claims against Secretary Wetzel, Superintendent Ferguson, and Officer Goodman are also implausible because they appear to be based on their roles as supervisory officials and/or that they failed to train subordinate corrections officials. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Mr. Colegrove alleges that one or more Defendants failed to train and supervise subordinate corrections officials. But he does not allege that any Defendant maintained with deliberate indifference a policy, practice, or custom that caused constitutional harm. Nor does he allege that any Defendant was personally involved or acquiesced in the destruction of Mr. Colegrove's property.

8

Additionally, "[u]nder Section 1983, a supervisor may be liable for [his or her] failure to train or supervise employees. . . ." *Whitfield v. City of Philadelphia*, 587 F. Supp. 2d 657, 666 (E.D. Pa. 2008). A claim for supervisory liability or liability based upon a failure to train involves four elements: (1) that an existing policy created an unreasonable risk of constitutional injury; (2) the supervisor was aware of this unreasonable risk; (3) the supervisor was indifferent to the risk; and (4) the injury resulted from the policy or practice. *See Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). A supervisor may be held liable where a need for "more or different training . . . is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train . . . can fairly be said to represent official policy," and that failure to train "actually causes injury," a supervisor may be held liable. *City of Canton v. Ohio*, 489 U.S. 378, 390 (1989). In addition,

> In resolving the issue of [supervisory] liability, the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform. That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program. . . . Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training. . . . Moreover, for liability to attach . . . the identified deficiency in [the] training program must be closely related to the ultimate injury.

*Id*. at 390-91.

Mr. Colegrove uses the words "failed to train and supervise" in his Complaint. (ECF No. 1-3 at 4.) But he provides no detail. His bare allegations, without further explanation, do not plausibly allege the existence of a specific policy or custom regarding the destruction of inmate property that created an unreasonable risk of constitutional injury. Accordingly, the Court will dismiss Mr. Colegrove's claim for supervisory liability. It will do so without prejudice. If Mr. Colegrove can make plausible allegations that satisfy these requirements, he will have an opportunity to do so.

9

### 4. Emotional injury claims

Mr. Colegrove claims that he suffered emotional injury. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The statute requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)). The physical injury can be less than significant, but it must be more than *de minimis*. Because Mr. Colegrove does not allege that he suffered any physical injury, he may not recover damages for emotional harm resulting from the destruction of his property.

## IV. CONCLUSION

The Court will dismiss with prejudice Mr. Colegrove's claims for violations of the Fourth Amendment, Eighth Amendment, 14th Amendment's due process protection, 18 U.S.C. § 249, and 42 U.S.C. §§ 1981 and 1988. Mr. Colegrove may not renew those claims because they are not legally viable. The Court will dismiss without prejudice Mr. Colegove's claims for violations of the Fourteenth Amendment's equal protection clause, 42 U.S.C. § 1982, 42 U.S.C. § 1986, and supervisory liability. Mr. Colegrove may file an amended complaint that provides the facts necessary for those claims. But the Court cautions Mr. Colegrove that he should only do so if he is aware of facts that can support those claims, and any amended complaint must be consistent with this opinion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

December 29, 2020